**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-6979**

_____

DONI TERRELE ANDERSON,

                      Petitioner - Appellant,

      v.

MR. KENNETH NELSON, Warden,

                      Respondent - Appellee.

_____

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Cameron McGowan Currie, Senior District Judge.  (2:22-cv-01032-CMC)

_____

Submitted:  February 29, 2024                                Decided:  May 30, 2024

_____

Before RICHARDSON, RUSHING, and HEYTENS, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Doni Terrele Anderson, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Doni Terrele Anderson seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing Anderson's 28 U.S.C. § 2254 petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on August 29, 2023. Anderson filed the notice of appeal no earlier than September 29, 2023.[*] Because Anderson failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.

---

[*] Anderson did not date his notice of appeal. For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest date Anderson could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988). While both evidence such as a date stamp and a litigant's certification may be used to determine the timeliness of a prisoner's notice of appeal, Anderson's filings contained no "declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid." *See* Fed. R. App. P. 4(c)(1)(A). The postmark on Anderson's envelope is dated September 29, and the envelope also bears a notation that the notice was given to prison officials for mailing on September 30. We give Anderson the benefit of the earlier date.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*